AO 241 (Rev. 09/17)

**FILED**

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

JUL 15 2024

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS

| United States District Court | District: _WESTERN TEXAS_ | |
|---|---|---|
| Name (under which you were convicted): <br> _ALFREDO SERRANO FRANCO_ | Docket or Case No.: <br> _7:24-cv-159_ DEPUTY | |
| Place of Confinement: _TDCJ STEVENSON UNIT_ <br> _1525 FM 766, CUERO TX. 77954_ | Prisoner No.: <br> _02465146_ | |
| Petitioner (include the name under which you were convicted) <br> _ALFREDO SERRANO FRANCO_ | v. | Respondent (authorized person having custody of petitioner) <br> _DIRECTOR BOBBY LUMPKIN_ <br> _CID TDCJ_ |
| The Attorney General of the State of: _TEXAS_ | | |

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

_244TH JUDICIAL DISTRICT, ECTOR COUNTY TEXAS_

    (b) Criminal docket or case number (if you know): _A-23-0962-CR_

2.   (a) Date of the judgment of conviction (if you know): _8-25-2023_

    (b) Date of sentencing: _8-25-2023_

3.   Length of sentence: _5 YEARS_

4.   In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

_POSSESION OF CONTROLED SUBSTANCE_
_>=4G <200G     481.115 (d) HEALTH AND SAFETY CODE_

6.   (a) What was your plea? (Check one)

    ☐ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty         ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☒ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

☐ Yes    ☒ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: *COURT OF CRIMINAL APPEALS OF TEXAS*

(2) Docket or case number (if you know): *WR-90, 405-03*

(3) Date of filing (if you know): *6-7-2024*

(4) Nature of the proceeding: *APPLICATION FOR ART. 11.07*

(5) Grounds raised: *DUE PROCESS - BREACH OF PLEA, PROSECUTORIAL MISCONDUCT, DOUBLE JEOPARDY - SUCCESSIVE PROSECUTIONS, INEFFECTIVE COUNSEL*

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: *DENIED WITHOUT WRITTEN ORDER*

AO 241 (Rev. 09/17)

(8) Date of result (if you know):      6-26-2024

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    *DUE PROCESS - BREACH OF PLEA*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*ON 8-1-2023 AN AGREEMENT WAS REACHED WITH THE PROSECUTION. PLEA GUILTY TO CAUSE C-23-0825-CR AND THE STATE WOULD DISMISS CAUSE A-23-0962-CR. ON AUGUST 25, 2023 THE STATE RENEGGED AND SWITCHED THE TERMS OF THE PLEA. THIS IS EVINCED IN DEFENDANT'S AUGUST 1, 2023 WAIVER OF RIGHT TO JURY TRIAL*

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: *TEXAS*

Type of motion or petition: *APPLICATION FOR ART. 11.07*

Name and location of the court where the motion or petition was filed: *COURT OF CRIMINAL*

*APPEALS OF TEXAS*

Docket or case number (if you know): *WR-90,405-03*

Date of the court's decision: *6-26-2024*

Result (attach a copy of the court's opinion or order, if available): *DENIED WITHOUT*

*WRITTEN ORDER*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*DENIED WITHOUT WRITTEN ORDER*

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _ART 11.07_

**GROUND TWO:** _PROSECUTORIAL MISCONDUCT_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_PROSECUTION UNILATTERALY SWITCHED THE TERMS OF AN AGREED PLEA DEAL THAT WAS AGREED SIGNED AND EXECUTED ON AUGUST 1, 2023 WHEN I RELINQUISHED MY RIGHTS TO A JURY TRIAL_

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　☐ Yes　☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　☒ Yes　☐ No

(2) If your answer to Question (d)(1) is "Yes," state: _TEXAS_

Type of motion or petition: _APPLICATION FOR ART. 11.07_

Name and location of the court where the motion or petition was filed: _COURT OF CRIMINAL APPEALS OF TEXAS_

Docket or case number (if you know): _WR-90,405-03_

AO 241 (Rev. 09/17)

Date of the court's decision: *6-26-2024*

Result (attach a copy of the court's opinion or order, if available): *DENIED WITHOUT WRITTEN ORDER*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*DENIED WITHOUT WRITTEN ORDER*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : *ART 11.07*

**GROUND THREE:** *DOUBLE JEOPARDY - SUCCESSIVE PROSECUTIONS*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*CAUSE C-23-0825-CR IN THE 244TH JUDICIAL DISTRICT AND CAUSE A-23-0962-CR IN THE 70TH JUDICIAL DISTRICT WERE BOTH FOR THE SAME OFFENSE 23-0005163*

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: *TEXAS*

Type of motion or petition: *APPLICATION FOR ART. 11.07*

Name and location of the court where the motion or petition was filed: *COURT OF CRIMINAL APPEALS OF TEXAS*

Docket or case number (if you know): *WR-90, 405-03*

Date of the court's decision: *6-26-2024*

Result (attach a copy of the court's opinion or order, if available): *DENIED WITHOUT WRITTEN ORDER*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_DENIED WITHOUT WRITTEN ORDER_

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  _ART 11.07_

**GROUND FOUR:**   _INEFFECTIVE COUNSEL_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_COUNSEL ALLOWED ME TO BE DEFRAUD BY THE STATE ON A BREACHED DEAL AS HE WAS WELL AWARE OF THE DEAL HE ARANGED ON AUGUST 1, 2023_

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes          ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes          ☐  No

(2) If your answer to Question (d)(1) is "Yes," state: _TEXAS_

Type of motion or petition:   _APPLICATION FOR ART. 11.07_

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *COURT OF CRIMINAL APPEALS OF TEXAS*

Docket or case number (if you know): *WR-90,405-03*

Date of the court's decision: *6-26-2024*

Result (attach a copy of the court's opinion or order, if available): *DENIED WITHOUT WRITTEN ORDER*

---

(3) Did you receive a hearing on your motion or petition?                          ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?                      ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*DENIED WITHOUT WRITTEN ORDER*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *ART. 11.07*

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☒ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: _____

        _____

        _____

        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        _____

        _____

        _____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☒ Yes    ☐ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.  *UNITED STATES DISTRICT COURT,*

    *WESTERN DISTRICT OF TEXAS, MIDLAND/ODESSA DIVISION*

    *CAUSE: MO-23-00188-DC, DISMISSED WITHOUT*

    *PREJUDICE FOR FAILURE TO EXHAUST, MARCH 21, 2024*

    _____

    _____

    _____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised. _____

    _____

    _____

    _____

    _____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing: _____

       (b) At arraignment and plea: *RUDOLF MOISIUC, PO BOX 1347, ODESSA*
       *TEXAS 79760*

       (c) At trial: _____

       (d) At sentencing: *RUDOLF MOISIUC, PO BOX 1347, ODESSA*
       *TEXAS 79760*

       (e) On appeal: _____

       (f) In any post-conviction proceeding: _____

       (g) On appeal from any ruling against you in a post-conviction proceeding: _____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?          ☐ Yes    ☒ No

       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       _____

       (b) Give the date the other sentence was imposed: _____

       (c) Give the length of the other sentence: _____

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?          ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

       _____
       _____
       _____
       _____
       _____

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *SPECIFIC PERFORMANCE,*
*DISMISSAL OF CAUSE A-23-0962-CR AS AGREED*
*ON AUGUST 1st 2023*

or any other relief to which petitioner may be titled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *7-10-2024*    (month, date, year).

Executed (signed) on    *7-10-2024*    (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC§2254 (Rev. 9/17)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State  Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

ALFREDO FRANCO #02465146
STEVENSON UNIT
1525 FM 766
CUERO TX. 77954

LEGAL MAIL

San Antonio P&DC 782xx xIP
THU 11 JUL 2024 PM

U S DISTRICT CLERK
200 E. WALL
RM 222
MIDLAND TX. 79701

RECEIVED

JUL 1 5 2024

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

